IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| SERGIO MORIN ROCHA | § | |
| v. | § | CIVIL ACTION NO. 6:10cv566 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Sergio Rocha, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the accuracy of his sentence computation. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Rocha was convicted of intoxication manslaughter, receiving a sentence of seven years in prison. At the time that he was sentenced, he says, he received 84 days of jail time credit, which would have put his sentence expiration date at August 26, 2011; however, the trial court subsequently entered an order adjusting the time credits to 90 days, placing his expiration date at August 20, 2011.

Nonetheless, Rocha says, TDCJ records continue to show his sentence expiration date at August 26, 2011. He attaches as proof a time slip dated July 20, 2010, showing an expiration date of August 26, 2011. He states that he has tried to get prison officials to correct his sentence but to no avail.

The Magistrate Judge ordered the Respondent to answer the petition. In his answer, the Respondent stated that Rocha's claims are barred by the statute of limitations, that they are

unexhausted, and that Rocha's records have been corrected. The Respondent attaches an affidavit from Charley Valdez, Program Supervisor II for the Classification and Records Department of TDCJ, saying that Rocha's maximum expiration date is August 20, 2011. Rocha did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be denied as moot. The Magistrate Judge noted that as of November 29, 2010, TDCJ records show that Rocha has received the time credits to which he is entitled. The Magistrate Judge recognized that Rocha's time sheet dated in July of 2010 appeared to be in error, but stated that because Valdez's affidavit is dated after this time sheet and reflects the correct calculation, Rocha's claim is moot.

Rocha received a copy of the Magistrate Judge's Report on or before April 13, 2011, but has filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has carefully reviewed the pleadings in this cause as well as the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 15) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED as moot. It is further

ORDERED that the Petitioner Sergio Rocha is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 19th day of May, 2011.**

                          _____
                          **LEONARD DAVIS**
                          **UNITED STATES DISTRICT JUDGE**